UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                          No. 96-4778

LAMONT DAVID SMITH,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                          No. 96-4779

LAMONT DAVID SMITH,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-95-36, CR-96-9)

Submitted: May 29, 1997

Decided: June 18, 1997

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Howard G. Higgins, Jr., Morgantown, West Virginia, for Appellant.
William D. Wilmoth, United States Attorney, Lisa Grimes Johnston,

Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lamont David Smith appeals his 360-month sentence for conspiracy to possess with intent to distribute and distribute crack cocaine, 21 U.S.C. § 846 (1994), and the concurrent 60-month sentence he received for escape.* 18 U.S.C. § 751(a) (1994). Smith argues that his sentence is disproportionate to the gravity of his offense. He also contends that the sentencing ratio for crack offenses relative to powder cocaine offenses violates equal protection. Because neither issue was raised in the district court, our review is limited to plain error. United States v. Olano, 507 U.S. 725, 732-36 (1993). Finding no plain error, we affirm.

In his plea agreement, Smith stipulated that he was responsible for the distribution of 50-150 grams of crack and that he had an aggravated role in the drug offense. With enhancements for possession of a firearm, obstruction of justice, and assault on the officer guarding him when he escaped, Smith had a final offense level of 40. He was in criminal history category V, which gave him a guideline range of 360 months to life. He received the lowest sentence possible without a departure. No proportionality review is appropriate for sentences of less than life without possibility of parole. United States v. Polk, 905

_____

*The counts were brought in separate indictments but were grouped together for determination of the offense level because the escape count embodied conduct that is treated as a specific offense characteristic (obstruction of justice) in the conspiracy count. United States Sentencing Commission, Guidelines Manual § 3D1.2(c) (Nov. 1995).

2

F.2d 54, 55 (4th Cir. 1990). Consequently, Smith's claim that his sentence violates the Eighth Amendment is without merit.

Smith's second claim is also unavailing. We have repeatedly rejected equal protection challenges to the penalties for crack cocaine. See United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996), cert. denied, ___ US. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868).

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3